**WO** LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony G. Chavarria,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriff's Office, et al.,<br><br>　　　　Defendants. | No. CV 05-0749-PHX-NVW (JRI)<br><br>**ORDER** |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff was formerly an inmate at the Towers and Durango Jails, and he is presently a state prisoner in the Arizona State Prison Complex in Kingman. In response to an earlier order of the Court, Plaintiff has filed a First Amended Complaint. The Court will require Defendant Arpaio to answer the First Amended Complaint, but will dismiss the Maricopa County Board of Supervisors without prejudice.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1 **A.     Statutory Screening of Prisoner Complaints**

2       The Court is required to screen complaints brought by prisoners seeking relief against
3 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
4 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
5 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
6 may be granted, or that seek monetary relief from a defendant who is immune from such
7 relief. 28 U.S.C. § 1915A(b)(1), (2).

8 **B.     First Amended Complaint**

9       Plaintiff's action concerns conditions related to overcrowding at the Towers and
10 Durango Jails. Plaintiff's original Complaint was dismissed because (1) the Maricopa
11 County Sheriff's Office was not a proper defendant; (2) there were allegations to connect
12 Defendant Arpaio (sued solely in his individual capacity) to the events in suit; and (3) there
13 were no allegations of policy or practice against the Maricopa County Board of Supervisors.

14      Plaintiff's First Amended Complaint has corrected some of these defects. Plaintiff has
15 named Maricopa County Sheriff Joseph Arpaio and alleged that he knowingly and
16 intentionally denied the due process rights of pretrial inmates by overcrowding them in the
17 jails. Plaintiff also sues the Maricopa County Board of Supervisors but failed to allege that
18 the constitutional violations were a result of a policy or practice of the Board. Instead,
19 Plaintiff alleges only that the Board "allows" their employees to violate detainee's due
20 process rights. The county and its board members cannot be held liable under § 1983 solely
21 because they employ a tortfeasor. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978);
22 Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir.), cert. denied, 528 U.S. 928 (1999).
23 Consequently, the Board will be dismissed without prejudice. Defendant Arpaio will be
24 required to answer Plaintiff's claims regarding overcrowding,

25 **C.     Rule 41 Cautionary Notice**

26      Plaintiff should take notice that if he fails to timely comply with every provision of
27 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
28 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED that:**

(1) Defendant Maricopa County Board of Supervisors is dismissed without prejudice.

(2) The Clerk of Court shall send Plaintiff a service packet including the First Amended Complaint, this Order, and both summons and request for waiver forms for Defendant Arpaio.

(3) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(5) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(6) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the

1  summons and of the costs subsequently incurred in effecting service upon the
2  Defendant.  The costs of service shall be enumerated on the return of service form
3  (USM-285) and shall include the costs incurred by the Marshal for photocopying
4  additional copies of the Summons, Complaint, or this Order and for preparing new
5  process receipt and return forms (USM-285), if required.  Costs of service will be
6  taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the
7  Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

8  (7) **A Defendant who agrees to waive service of the Summons and Complaint**
9  **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

10  (8)  Defendant shall answer the Complaint or otherwise respond by appropriate
11  motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
12  Rules of Civil Procedure.

13  (9) Any answer or responsive pleading shall state the specific Defendant(s) by name
14  on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other
15  motion or paper that does not identify the specific Defendant(s) by name on whose behalf
16  it is filed.

17  (10)  Plaintiff shall serve upon Defendant, or if appearance has been entered by
18  counsel, upon counsel, a copy of every further pleading or other document submitted for
19  consideration by the Court.  Plaintiff shall include with the original document and copy, to
20  be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
21  the pleading or document was mailed to Defendant or counsel.  Any paper received by a
22  District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
23  may be disregarded by the Court.

24  (11) At all times during the pendency of this action, Plaintiff shall immediately advise
25  the Court and the United States Marshal of any change of address and its effective date.
26  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall
27  contain only information pertaining to the change of address and its effective date. Plaintiff
28  shall serve a copy of the notice on all opposing parties. The notice shall not include any

1  motions for any other relief. Failure to file a Notice of Change of Address may result in the
2  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
3  of Civil Procedure.
4      (12) A clear, legible copy of every pleading or other document filed shall accompany
5  each original pleading or other document filed with the Clerk for use by the District Judge
6  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
7  may result in the pleading or document being stricken without further notice to Plaintiff.
8      (13) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Local Rules
9  of Civil Procedure 72.1 and 72.2 for further proceedings.
10      DATED this 25th day of October, 2005.

_____
Neil V. Wake
United States District Judge